UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,                        Case Number 15-20324

v.                                                  Honorable David M. Lawson

STEPHEN M. TARPLEY,

            Defendant.

_____/

## ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

Before the Court is defendant Stephen M. Tarpley's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Because the relevant factors favor Tarpley's position, and the government concurs in the motion, the Court will grant the motion.

I.

The defendant pleaded guilty to possessing device making equipment, 18 U.S.C. § 1029(a)(4) and (c)(1)(A)(ii), and being felon in possession of a firearm, 18 U.S.C. § 922(g)(1). On February 23, 2016, the Court sentenced him to concurrent terms of 70 months in prison on the device making equipment and firearm counts. He has served approximately 62 months, or around 88% of his sentence, and he presently is confined by the Bureau of Prisons (BOP) at Greenville FCI in Illinois, a medium security facility that houses more than 1,200 inmates. Public records of the BOP indicate that the defendant is scheduled to be released from prison on August 11, 2020.

On July 20, 2020, Tarpley filed his motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. He argues that he is qualified for release based on his medical conditions, including prostate cancer, diabetes, and obesity. He has received radiation treatment and has been prescribed Metformin. The opening motion stated that, on June 17, 2020, Tarpley's attorney filed an administrative relief request on his behalf with the

warden of Greenville FCI seeking compassionate release. He never received a response. He was subsequently placed into solitary confinement in the special housing unit on July 10, 2020, purportedly to quarantine him before his release.

The most recent data disclosed by the BOP indicates that there is one active coronavirus case at the Greenville facility, and one inmate who was previously diagnosed now has recovered from the disease. Reports indicate that no inmates or staff have died. *See* https://www.bop.gov/ coronavirus/.

The government filed a response to the motion on July 22, 2020, in which it concurred in the relief requested.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. §

3582(c)(1)(A)(i), (ii)).  Tarpley has sought relief from the prison warden and waited 30 days before filing his motion in court.  He invokes the "extraordinary and compelling reasons" clause of section 3582(c)(1)(A) as grounds for relief.

Tarpley argues that compassionate release is warranted based on his medical conditions that subject him to a greater risk of complications should he contract COVID-19.  According to his medical records, he is obese (BMI 32.4), which exceeds the threshold BMI of 30 recognized by the CDC as increasing risk for coronavirus complications, and he suffers from prostate cancer and diabetes, for which he is prescribed medication.  The defendant contends that those conditions greatly increase the risk to his health posed by the ongoing coronavirus pandemic.  The government does not quarrel with any of this.

Nor does the government dispute that the request for release has been properly exhausted.  The defendant also has advanced sufficiently compelling circumstances to warrant a sentence reduction based on his medical conditions, which place him at a seriously elevated risk from COVID-19 infection.  And the defendant's release does not pose a serious danger to the community.

Other courts have documented the devastating effect that the novel coronavirus has visited upon society in general and the criminal justice system in particular.  "The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise.  If contracted, COVID-19 can cause severe complications or death.  Because there is no current vaccine, the Centers for Disease Control and Prevention ("CDC") recommends preventative measures to decrease transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene such as additional hand

washing." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration." *United States of America v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020).

"[T]he crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past months, numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences." *Ibid.* (collecting cases; footnotes omitted).

It is widely recognized and publicly acknowledged that persons who are obese and diabetic, as the defendant is, face increased risk of severe consequences from potential COVID-19 infection. *United States v. Lassister*, No. 17-232, 2020 WL 3639988, at *4 (D. Md. July 6, 2020) ("The risk factors include age (over 65); lung disease; asthma; chronic kidney disease; serious heart disease; obesity; diabetes; liver disease; and a compromised immune system.") (citing Coronavirus Disease 2019 (COVID-19), People Who Are At Risk for Severe Illness, Centers for Disease Control & Prevention (June 25, 2020), https://bit.ly/2WBcB16). The CDC also recognizes cancer as a significant risk factor for COVID-19 infection. *People with Certain Medical Conditions*, Centers for Disease Control & Prevention (July 17, 2020), https://bit.ly/32LLuUu. The defendant's obesity, diabetes, and cancer each qualify as recognized risked factors. The combination of the conditions further increases the risk of severe complications from potential infection.

Finally, it is reasonable to conclude that Tarpley "'is not a danger to the safety of any other person or to the community,' as is required for compassionate release." *Lassister*, No. 17-232,

2020 WL 3639988, at *2 n.1 ("Subsection (2) of U.S.S.G. § 1B1.13 establishes as a relevant factor that 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'"). Although the crimes here were serious and involved the possession of guns, they did not involve violence. Tarpley's criminal history includes armed robbery and attempted robbery, for which he served a twenty-year sentence. But those crimes were committed nearly thirty years ago; he has no recent history of violence. Although those circumstances alone do not entirely abate the significant concern for the community posed by his release, Tarpley has served most of his custodial sentence and he suffers from severe medical conditions that were non-existent before his incarceration. Tarpley had three infractions relating to the possession or use of drugs or alcohol before 2017 and had two infractions since 2017 unrelated to drugs or violence. However, he maintained a clean disciplinary record for the last twelve months and completed a drug education program. *See* Progress Report dated June 25, 2020, ECF No. 44-10, PageID.897-99. Although he certainly is not the most benign of offenders considered by the Court, neither is he among the most nefarious. Tarpley also has expressed remorse for his crimes, and he aptly pleads in his motion that he only hopes the Court will grant relief so that he may attain the prompt medical attention he needs.

III.

The defendant has established that he is at serious risk in a facility with known infections of COVID-19, and all of the other pertinent factors also weigh in favor of his release.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 44) is **GRANTED**.

It is further **ORDERED** that the defendant's term of custody is **REDUCED** to time served. Upon release, the defendant must self-quarantine for a period of two weeks. The Court will enter an amended judgment and commitment.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated:   July 24, 2020